UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| QBEX ELECTRONICS CORPORATION, INC., *et al*., | Case No. 12-37551-BKC-RAM (Jointly Administered) |
| Debtors,_____/ | |
| JOEL L. TABAS, Chapter 7 Trustee, | Adv. No. 15-____-BKC-RAM-A |
| Plaintiff, v. | |
| STAR COMPUTER GROUP, | |
| Defendant._____/ | |

**COMPLAINT TO (I) AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Plaintiff, Joel L. Tabas, Chapter 7 trustee (the "Trustee") for Qbex Electronics Corporation, Inc., Qbex Colombia, S.A., and Comercializadora de Productos Tecnologicos CPT Colombia SAS (collectively, the "Debtors"), files this *Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 547, Recover Property Transferred Pursuant to 11 U.S.C. § 550, and Disallow Claims Pursuant to 11 U.S.C. § 502(d)* (the "Complaint") against Star Computer Group (the "Defendant"), and alleges as follows:

**NATURE OF THE COMPLAINT**

1. This adversary proceeding is brought pursuant to sections 547 and 550 of title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all

preferential transfers of property made for or on account of antecedent debt and to or for the benefit of the Defendant by the Debtors during the 90-day period prior to the filing of the Debtors' chapter 11 bankruptcy petitions (the "Preference Period").

## THE PARTIES, JURISDICTION, AND VENUE

2. On November 15, 2012, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. By order entered on November 19, 2012, the Debtors' bankruptcy cases were consolidated for procedural purposes and thereafter were jointly administered [ECF No. 23].

4. On March 14, 2014 (the "Conversion Date"), the Court entered its *Order Converting Case Under Chapter 11 to Case Under Chapter 7, Authorizing Limited Use of Cash Collateral and Authorizing the Chapter 7 Trustee Interim Authority to Operate the Business* [ECF No. 297].

5. The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

6. Defendant(s) are authorized to conduct business in the State of Florida or otherwise has had minimum contacts with State of Florida.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

9. All conditions precedent to the filing of this action have been performed, waived, satisfied or have occurred.

## FACTS COMMON TO ALL CLAIMS

10. Prior to the Petition Date until conversion of its Chapter 11 case, QBEX Electronics Corporation, Inc. ("QBEX") was a manufacturer, assembler and distributor of personal computers, notebooks, tablets and compatible accessories, marketed throughout Latin America under the "QBEX" brand. In addition to QBEX's proprietary electronics, peripherals and accessorie, QBEX also distributed cameras, printers and other compatible products manufactured by Canon and other well known manufaturers. From its headquarters in Miami, Florida, QBEX managed all business operations and provided support for its Colombian business operations and sales network.

11. During the Preference Period, the Debtors continued to operate their business affairs in all respects, including the transfer of property by checks, ACH, wire transfers or otherwise to certain transferees. During the Preference Period, QBEX (the "Transferor") made one or more transfers (the "Transfers") to or for the benefit of the Defendant, as set forth on **Exhibit A** hereto and incorporated herein by reference. The Transfers are in the aggregate amount of $21,436.50.

## COUNT I
### (Avoidance of Transfers – 11 U.S.C. § 547)

12. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

13. Section 547(b) of the Bankruptcy Code renders avoidable any transfer of an interest of the debtor in property—

>   (1) to or for the benefit of a creditor;
>
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>   (3) made while the debtor was insolvent;

>   (4) made—
>
>>   (A) on or within 90 days before the date of the filing of the petition;
>
>>   \* \* \* \*
>
>   (5) that enables such creditor to receive more than such creditor would receive if—
>
>>   (A) the case were a case under chapter 7 of this title;
>>
>>   (B) the transfer had not been made; and
>>
>>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

14. During the Preference Period, the Debtors, including the Transferor, continued to operate their business affairs, including by transferring property either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

15. Plaintiff seeks to avoid all the transfers of an interest of the Debtors' property made by the Transferor to Defendant within the Preference Period.

16. The Transfers on **Exhibit A** were transfers of an interest of the Transferor in property.

17. Defendant was a creditor of the Debtors within the meaning of 11 U.S.C. § 101(10)(A) at the time of the Transfers.

18. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

19. The Transfers were for, or on account of, an antecedent debt owed by one or more of the Debtors before the Transfers were made.

20. The Debtors were insolvent when the Transfers were made. Plaintiff is entitled to the presumption of insolvency for the Transfers made during the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

21. The Transfers were made to and/or received by the Defendant on or within ninety (90) days prior to the Petition Date, on the date(s) specified in **Exhibit A**.

22. With respect to each of the Transfers, the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfer had not been made, and (c) the Defendant received payment of its debt to the extent provided under the provisions of the Bankruptcy Code.

23. As of the date hereof, the Defendant has not returned the Transfers to the Plaintiff.

24. The Plaintiff is entitled to avoid each of the Transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

25. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

26. Section 550(a) of the Bankruptcy Code provides that, to the extent that a transfer is avoided under section 547, the trustee (or debtor in possession) may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

27. Defendant is either the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of the initial transferee.

28. The Plaintiff is entitled to recover the value of each of the Transfers pursuant to section 550(a) of the Bankruptcy Code, together with pre- and post-judgment interest thereon at the maximum legal rate from the date of the Transfers and the costs of this action.

## COUNT III

### (Disallowance of Claims – 11 U.S.C. § 502)

29. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

30. Section 502(d) of the Bankruptcy Code provides that:

> [n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

31. To the extent that Defendant has filed a proof of claim, or has otherwise requested payment from the Debtors or the Debtors' chapter 7 or 11 estates (collectively, the "Claim"), such Claim must be disallowed under section 502(d) of the Bankruptcy Code unless and until the Defendant pays to the Plaintiff the value of the Transfers.

## RESERVATION OF RIGHTS

32. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by any of the Debtors of an interest

of any of the Debtors in property to or for the benefit of Defendant or any other transferee and made during the Preference Period. Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (for example, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the United States Bankruptcy Court for the Southern District of Florida enter an Order and judgment in favor of Plaintiff and against Defendant:

(a) Avoiding each of the Transfers pursuant to 11 U.S.C. § 547(b), as listed on **Exhibit A** hereto;

(b) Directing the Defendant to pay to the Plaintiff the full amount of the value of the Transfers pursuant to 11 U.S.C. § 550(a)(1), with pre-and post-judgment interest and costs of suit, reasonable attorneys' fees and costs, to the extent provided by law;

(c) Disallowing any Claims of the Defendant against the Debtors pursuant to 11 U.S.C. § 502(d) to the extent the Defendant has not paid the full amount of the value of, or turned over the property that is the subject of, the Transfers; and

(d) Granting such other relief that the United States Bankruptcy Court for the Southern District of Florida deems just and equitable.

Dated this 6th day of  March, 2015.

                                          GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel for Plaintiff*
100 SE Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310


By:   /s/ Heather L. Harmon
      Glenn D. Moses, Esq.
      Florida Bar No. 174556
      Email: gmoses@gjb-law.com
      Heather L. Harmon, Esq.
      Florida Bar No. 013192
      Email: hharmon@gjb-law.com

# EXHIBIT A

# TRANSFERS

| Payee | Check Number | Bank Account | Check Date | Bank Clear Date | Amount |
|---|---|---|---|---|---|
| Star Computer Group | 73095 | 10516 Bank Leumi | 9/25/2012 | 9/28/2012 | $ 21,436.50 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  | $ 21,436.50 |